TANKERSLEY INV. CO. ex rel. TANKERSLEY v. TANKERSLEY et al.
TANKERSLEY v. R. H. SIEGFRIED CO. et al.

Nos. 32383, 32397. March 14, 1950.

*216 P. 2d 297.*

Cantrell, Carey & McCloud, E. J. Flinn, and Edward M. Box, all of Oklahoma City, for plaintiffs in error in cause No. 32383, and defendants in error in cause No. 32397.

Manatt & Knight, of Tulsa, for defendants in error in cause No. 32383, and plaintiffs in error in cause No. 32397.

LUTTRELL, J. On October 8, 1943, R. H. Siegfried Company, a copartnership, commenced an action in the district court of Tulsa county upon a certain promissory note made to it by Tankersley Investment Company, a corporation. Shortly after the filing of this action Earl Tankersley, claiming to be the owner of 50 per cent of the stock of Tankersley Investment Company, intervened in the action, asserting his ownership of the stock in the Investment Company, and was given leave to defend the action individually and on behalf of the Investment Company. Thereafter, on March 21, 1944, Mary Tankersley obtained permission to intervene in said action, and filed therein her petition seeking to foreclose certain real estate and chattel mortgages held by her against the property of Tankersley Investment Company, and by permission of the trial court, Earl Tankersley, for himself and on behalf of Tankersley Investment Company, filed an answer to the petition of Mary Tankersley, and defended the foreclosure action brought by her. The trial court, after a hearing in the original action, found and determined that Earl Tankersley was the owner of 50 per cent of the stock of Tankersley Investment Company. Thereafter the case of Mary Tankersley v. Tankersley Investment Company was tried in the trial court without a jury, and the trial court denied foreclosure of the mortgages. From this judgment Mary Tankersley appeals, the appeal being docketed as case No. 32397 in this court. The trial court also denied the allowance of an attorney's fee to the attorneys for Earl Tankersley, and Earl Tankersley representing Tankersley Investment Company, and an appeal was taken from the denial of the attorneys' fees, said appeal being docketed in this court as case No. 32383. The cases were consolidated in this court and will be disposed of together.

Earl Tankersley, in all the proceedings in the district court of Tulsa county in connection with the mortgage foreclosure case, based his right to defend that action for himself individually and for Tankersley Investment Company, a corporation, upon his asserted ownership of 50 per cent of the corporate stock of Tankersley Investment Company, and that asserted ownership of such stock was the sole ground upon which the trial court permitted him to defend the action. Aside from the ownership of said stock he neither had nor claimed any interest whatever in the Tankersley Investment Company, or in the result of the foreclosure action.

In Tankersley Investment Co. v. Tankersley Investment Co. 202 Okla. 51, 210 P. 2d 167, we held that the judgment of the trial court of Tulsa county finding and holding that Earl Tankersley was the owner of stock in Tankersley Investment Company, a corporation, was erroneous, and that Earl Tankersley, at the time he intervened in the original action brought by R. H. Siegfried Company against Tankersley Investment Company, had parted with all his right, title and interest in the stock of Tankersley Investment Company. We reversed the judgment of the lower court holding him to be a stockholder in said company. It follows that, since he was not the owner of any stock in Tankersley Investment Company at the time the mortgage foreclosure petition of Mary Tankersley was filed, the trial court erred in permitting him to appear and defend said action individually and on behalf of Tankersley Investment Company, since he had no interest in the result of the action, and no right to defend on behalf of the corporation. Therefore, the judgment in the foreclosure action was erroneous.

For the same reason the judgment denying the allowance of attorneys' fees to the attorneys representing Earl Tankersley individually and on behalf of Tankersley Investment Company in said action was correct.

The judgment in cause No. 32397 is reversed, with directions to the trial court to strike the answer filed by

Earl Tankersley for himself and on behalf of Tankersley Investment Company, and to grant the plaintiff in error, Mary Tankersley, a new trial. The judgment in cause No. 32383, denying the allowance of attorneys' fees to the attorneys representing Earl Tankersley individually and on behalf of Tankersley Investment Company in the foreclosure proceeding, is affirmed.